affirmed without costs in accordance with the following Memorandum: Plaintiff was injured when he slipped or tripped on electrical wires and fell into a wastewater treatment tank. Supreme Court properly granted that part of the cross motion of defendant City of Corning (City) for summary judgment dismissing the Labor Law § 240 (1) claim. A worker's fall into an opening from ground level while the worker is traversing a worksite is not within the purview of the statute (*see, Mazzu v Benderson Dev. Co.*, 224 AD2d 1009; *see also, Panepinto v L.T.V. Steel Co.*, 207 AD2d 1006; *Radka v Miller Brewing*, 182 AD2d 1111). Plaintiff's reliance on *Hoffmeister v Oaktree Homes* (206 AD2d 921) is misplaced. There, we did not consider the issue whether the plaintiff was performing work at an elevated worksite.

The court properly denied that part of the City's cross motion for summary judgment dismissing the Labor Law § 241 (6) claim with respect to the alleged violations of 12 NYCRR 23-1.7 (b) (*see, Mazzu v Benderson Dev. Co., supra*) and (e) (2). The court erred, however, in denying that part of the City's cross motion for summary judgment dismissing the Labor Law § 241 (6) claim with respect to the alleged violation of 12 NYCRR 23-1.7 (d). That regulation involves "Slipping hazards" and requires employers to provide safe footing where slippery conditions exist. Although plaintiff testified that he "slipped", he did not testify that the top of the tank was in a slippery condition or that the electrical wires were covered with "[i]ce, snow, water, grease [or] any other foreign substance" (12 NYCRR 23-1.7 [d]). Thus, we modify the order accordingly. (Appeals from Order of Supreme Court, Steuben County, Furfure, J.—Summary Judgment.) Present—Green, A. P. J., Wisner, Pigott, Jr., Hurlbutt and Scudder, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILLIE D. OSUCHOWSKI, Also Known as BILLIE DEITZ, Appellant. (Appeal No. 1.) [703 NYS2d 771] —Judgment unanimously affirmed. Memorandum: Contrary to the contention of defendant, the judgment convicting her of grand larceny in the third degree (Penal Law § 155.35) and falsifying business records in the first degree (Penal Law § 175.10) is supported by legally sufficient evidence (*see, People v Bleakley*, 69 NY2d 490, 495). (Appeal from Judgment of Supreme Court, Onondaga County, Brunetti, J.—Grand Larceny, 3rd Degree.) Present—Hayes, J. P., Wisner, Pigott, Jr., Scudder and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILLIE D. OSUCHOWSKI, Also Known as BILLIE DEITZ, Appellant.

(Appeal No. 2.) [703 NYS2d 771] —Order unanimously affirmed for reasons stated in decision at Supreme Court, Brunetti, J. (Appeal from Order of Supremė Court, Onondaga County, Brunetti, J.—CPL art 440.) Present—Hayes, J. P., Wisner, Pigott, Jr., Scudder and Lawton, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW A. JACKSON, Appellant. [703 NYS2d 804] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant was convicted following a bench trial of burglary in the second degree (Penal Law § 140.25 [2]) and criminal mischief in the second degree (Penal Law § 145.10) arising from his forced entry into his fiancee's home. We reject defendant's contention that the evidence is legally insufficient to support the conviction of burglary in the second degree (*see, People v Bleakley*, 69 NY2d 490, 495). "There was no evidence that defendant had permission to be in complainant's [house] at the time the crime was committed" (*People v Sanders*, 163 AD2d 852, *lv denied* 76 NY2d 896; *see, People v Collier*, 258 AD2d 891, 892). "Whether defendant was so intoxicated as to be unable to form the requisite intent presented issues of fact and credibility for the [trier of fact] to resolve" (*People v Danaher*, 115 AD2d 905, 906).

We conclude, however, that the conviction of criminal mischief in the second degree is not supported by legally sufficient evidence. The fiancee's "general approximation of the cost of repairing or replacing various property items" is insufficient to establish the amount of damage (*People v Brantley*, 186 AD2d 1036, *lv denied* 81 NY2d 785; *see, People v Jackson*, 168 AD2d 633, 634, *lv denied* 77 NY2d 962). We thus modify the judgment by reducing the conviction of criminal mischief in the second degree to criminal mischief in the fourth degree (Penal Law § 145.00 [1]) and vacating the sentence imposed thereon. "However, the matter need not be remitted for resentencing on that count since the defendant has already served the maximum permissible sentence for that crime" (*People v Jackson, supra*, at 634).

The contentions of defendant with respect to the denial of his CPL 440.10 motion are not properly before us (*see, CPL* 450.15 [1]). We have reviewed the contentions raised by defendant in his *pro se* supplemental brief and conclude that they are without merit. (Appeal from Judgment of Oneida County Court, Donalty, J.—Burglary, 2nd Degree.) Present—Hayes, J. P., Wisner, Pigott, Jr., Scudder and Lawton, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN J. DAWSON, Appellant. [703 NYS2d 774] —Judgment unani-